IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00015-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

SCOTT W. ZUVICEH,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff, Scott W. Zuviceh, is a prisoner currently incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  He initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  In the Complaint, Mr. Zuviceh asserts that his parole time and statutory discharge date is being miscalculated.  He seeks injunctive relief.

A civil rights action under 42 U.S.C. § 1983 challenges the conditions of a state prisoner's confinement.  *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  By contrast, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Petitions under § 2241 are used to attack the execution of a sentence.

*See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

It appears that Mr. Zuviceh is attempting to challenge the execution of his sentence. As such, his claims must be asserted in a habeas corpus application pursuant to § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). If he intends to challenge the execution of sentence, he must file an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Furthermore, pursuant to 28 U.S.C. § 2243, an application for writ of habeas corpus is directed to the person who has custody of the detained person. Therefore, Mr. Zuviceh is directed to name as Respondent the custodian of the facility where he is incarcerated.

Mr. Zuviceh is reminded that he is barred from seeking relief against the Defendant under § 1983 based on a claim challenging his current incarceration. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his or her criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. A civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Mr. Zuviceh does not allege that the decision to revoke his parole and incarcerate him have been invalidated by the state courts or in a

federal writ of habeas corpus. Accordingly, his civil rights claims are not ripe at this time.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this order. Mr. Zuviceh will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Zuviceh files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1) __  is not submitted
(2) __  is missing affidavit
(3) __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (necessary if filing a habeas corpus application)
(4) __  is missing certificate showing current balance in prison account
(5) __  is missing required financial information
(6) __  is missing an original signature by the prisoner
(7) xx  is not on proper form (must use the Court's form for habeas applications)
(8) __  names in caption do not match names in caption of complaint, petition or habeas application
(9) xx  other: Applicant may pay the $5.00 filing fee instead of submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

**Complaint, Petition or Application**:

(10) __  is not submitted
(11) xx  is not on proper form (must use the court-approved form for filing a habeas corpus application under 28 U.S.C. § 2241)
(12) __  is missing an original signature by the prisoner
(13) __  is missing page nos. __
(14) __  uses et al. instead of listing all parties in caption
(15) __  names in caption do not match names in text
(16) __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) xx  other: Applicant must name his custodian as the Respondent.

Accordingly, it is

ORDERED that Mr. Zuviceh cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which Mr. Zuviceh files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Zuviceh shall obtain the court-approved forms for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use those forms in curing the designated deficiencies. It is

FURTHER ORDERED that, if Mr. Zuviceh fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, this action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED: January 6, 2015, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge