IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00015-GPG

SCOTT W. ZUVICEH,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
EL PASO COUNTY SHERIFF,

    Respondents.

## ORDER OF DISMISSAL

    Plaintiff, Scott W. Zuviceh, is a prisoner currently incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado.  The instant action was commenced on January 5, 2015, when Plaintiff submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Prisoner Complaint (ECF No. 1) alleging that Plaintiff's parole time and statutory discharge date is being miscalculated.

    On January 6, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Plaintiff to cure certain deficiencies if he wished to pursue any claims in this action.  Magistrate Judge Gallagher advised Plaintiff that a civil rights action under 42 U.S.C. § 1983 challenges the conditions of a state prisoner's confinement.  *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811- 12 (10th Cir. 1997).  By contrast, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Magistrate Judge Gallagher further explained that it appeared that Plaintiff was attempting to challenge the execution of his sentence and thus, his claims should be asserted in a habeas corpus action pursuant to § 2241. Therefore, Magistrate Judge Gallagher directed Plaintiff to file a habeas corpus application on the court-approved form and to pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Magistrate Judge Gallagher warned Plaintiff that the action would be dismissed without further notice if Plaintiff failed to cure the designated deficiencies within thirty day from the date of the order.

On January 23, 2015, Plaintiffs filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 5). On February 4, 2015, Magistrate Judge Gallagher entered a minute order informing Plaintiff that he did not cure all the designated deficiencies because he failed to pay the $5.00 filing fee or submit on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Magistrate Judge Gallagher gave Plaintiff an additional thirty days to comply with the Court's January 6 Order to Cure and warned Plaintiff that failure to comply would result in dismissal of this action without further notice.

Mr. Zuviceh has failed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action or to pay the $5.00

filing fee within the time allowed and he has failed to respond in any way to Magistrate Judge Gallagher's February 4 minute order.  Therefore, the action will be dismissed without prejudice for failure to prosecute and comply with a court order.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with court orders within the time allowed and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.

DATED at Denver, Colorado, this  13th  day of    March        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court